NO. 07-03-0005-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 15, 2004

_____


ALBERTO GEORGE BARRON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B 3664-0111; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Alberto George Barron has given notice of appeal from a conviction and

sentence in Cause No. B 3664-0111 in the 242nd District Court of Swisher County, Texas

(the trial court). The appellate court clerk received and filed the trial court clerk's record

on April 9, 2003, and received and filed the trial court reporter's record on October 15,

2003.

This court has granted two extensions of the time for filing appellant's brief. The brief was due on January 23, 2004, pursuant to the most recent extension of time granted for filing of the brief. On February 24, 2004, the appellate clerk sent appellant's counsel a letter requesting the status of the appellant's brief. A response to that letter was to be filed no later than March 9, 2004. There has been no response to that letter. The clerk's record reflects that appellant's counsel is retained, not appointed.

The series of motions to extend time for filing of appellant's brief, which has not been filed as of the date of this order, warrants remand of this matter to the trial court for determination of what measures would be appropriate to assure diligent pursuit of the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant has knowledge of and concurs in the delay in filing of his appellate brief to the extent that any sanctions for delay in filing of appellant's brief would be appropriately assessed against appellant; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this

court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than April 22, 2004.

Per Curiam

Do not publish.